IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMID T. MOGHADAM,<br><br>Petitioner,<br><br>v.<br><br>SHERIFF OF LOS ANGELES COUNTY,<br><br>Defendant. | NO. CV 25-9378-SB (AGR)<br><br>**ORDER TO SHOW CAUSE WHY THIS HABEAS ACTION SHOULD NOT BE DISMISSED WITHOUT PREJUDICE** |

Petitioner, who is proceeding *pro se* and without prepayment of filing fees, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  (Dkt. No. 1.)  Petitioner later filed a First Amended Petition.  (Dkt. No. 3.)  Petitioner filed a Second Amended Petition ("SAP") on October 9, 2025.  (Dkt. No. 5.)[1]

---

[1]   Page citations are to the page numbers assigned by the CM/ECF in the header of the document.

1

For the reasons set forth below, Petitioner is ordered to show cause, in writing, on or before **March 9, 2026**, why the Court should not recommend dismissal of the SAP based on abstention.

## I.
## BACKGROUND

According to the SAP, Petitioner was arrested on July 23, 2025 for assault with a deadly weapon (a car) and posted bail in the amount of $65,000.  (SAP at 4.)  After his arraignment in a West Covina courthouse, bail was increased to $150,000 in August-September 2025, apparently due to one prior state conviction and one prior federal conviction.[2]  (*Id.* at 4-5.)  Petitioner remains out on bail.  (*Id.* at 1.)

The SAP alleges several grounds for relief arising out of his ongoing state criminal proceedings:  (1) arrest "without stating actually charges, warrants and Miranda" in violation of *Miranda v. Arizona*, 396 U.S. 868 (1969); (2) "denied counsel and discovery" in violation of *Brady v. Maryland*, 373 U.S. 83 (1963); (3) ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984); (4) excessive bail in violation of the Eighth Amendment; (5) prosecutorial misconduct and due process violations under the Fourteenth Amendment for ignoring evidence, withholding discovery, using fabricated reports and pursuing unconstitutional enhancements; and (6) a pattern of harassment.  (SAP at 6.)

---

[2]  Petitioner does not provide case information for the convictions.  His criminal case in the Central District of California appears to be *United States v. Omid Moghadam*, EDCV 19-CR-152 SVW.

The SAP attaches a Glendora police department incident report and Petitioner's version of events.  Petitioner has also filed an affidavit.  (Dkt. No. 7.)

The SAP seeks a court order that (1) reduces the amount of bail to the original amount of $65,000; (2) orders Petitioner's immediate release[3] or a constitutionally adequate bail hearing; (3) protects Petitioner from further harassment or retaliatory warrants absent new probable cause; (4) preserves and orders production of (a) Glendora police department body or dash cam footage, (b) AvalonBay Glendora Latch app telemetry data, (c) security camera video, and (d) "other discovery"; (5) appoints counsel for Petitioner; (6) suppresses evidence from the unconstitutional searches and seizures; (7) orders an evidentiary hearing; and (8) recognizes that Petitioner posted bail and will continue making his appearances, demonstrating no risk and full compliance.  (SAP at 8.)

## II.
## ORDER TO SHOW CAUSE

In general, on habeas review a court abstains during the pendency of the underlying criminal case.  *Younger v. Harris*, 401 U.S. 37, 45 (1971).  *Younger* abstention is appropriate when "(1) there is an ongoing state judicial proceeding; (2) the proceeding implicates important state interests; (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges; and (4) the requested relief seeks to enjoin or has the practical effect of enjoining the ongoing state judicial proceeding."  *Page v. King*, 932 F.3d 898, 901-02 (9th Cir. 2019).

---

[3]  To be clear, Petitioner alleges he is out on bail.

3

All of the prerequisites to *Younger* abstention exist in this habeas case. Petitioner is a defendant in an ongoing state criminal prosecution. *Id.* at 902 (state proceeding is "plainly ongoing" before judgment is entered). Criminal prosecutions implicate important state interests. *Kelly v. Robinson*, 479 U.S. 36, 49 (1986) ("States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief."). California's trial, appellate, and post-conviction review process provides Petitioner with the opportunity to raise his challenges in his criminal case. Although Petitioner argues that the state court "ignored" his objections to bail and his alleged constitutional violations, "his lack of success does not render the forum inadequate." *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 621 (9th Cir. 2003). The fourth element is clearly satisfied. Petitioner seeks federal court intervention to suppress evidence at his trial, order discovery, and prohibit the state court from issuing further warrants absent "new" probable cause in his criminal case.

*Younger* abstention may not be warranted when there is a showing of "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982).

In the context of *Younger* abstention, "bad faith 'generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction.'" *Stockton v. Brown*, 152 F.4th 1124, 1138 (9th Cir. 2025)

(citation omitted).  "[A] mere allegation of bad faith or unconstitutionality is not a get-out-of-abstention-free card."  *Id.*  "Otherwise, 'every state court defendant could become a federal court plaintiff seeking an injunction of the state proceedings in which its defenses could properly be interposed.'"  *Id.* at 1138-39 (citation omitted).  Instead, bad faith "might be shown by repeated harassment, bias, or when the proceeding is brought with no legitimate purpose."  *Id.* at 1138.  By the same token, "an allegation of retaliatory motive is not a 'talisman sufficient to overcome an otherwise proper exercise of abstention.'"  *Id.* at 1139.  Instead, Petitioner must show retaliatory motive or harassment "'sufficiently severe or pervasive to legitimize our halt of state court proceedings in which these same constitutional objections could be raised.'"  *Id.* (citation omitted).

Petitioner has not shown that his criminal case was brought without a reasonable expectation of obtaining a valid conviction.  That a defendant has a version of events that is different from other witnesses mentioned in a police report is common to criminal prosecutions and is not sufficient to show bad faith or harassment.  Petitioner argues that the alleged victim's credibility may be impeached by her simultaneous pursuit of an insurance claim against him.  The fact that one or more witnesses, including the alleged victim, may be subject to impeachment is common to all trials and not sufficient to show bad faith or harassment.  Nor has Petitioner shown bias by the Los Angeles County Superior Court, or a serial pattern of litigation against him by the prosecution, or a past history of personal conflict or animus that would raise a reasonable inference of

5

vindictive retaliation.  *See Yelp, Inc. v. Paxton*, 137 F.4th 944, 955 (9th Cir. 2025). The two prior convictions mentioned in the SAP occurred years apart in Orange County Superior Court (2015) and federal court in the Central District of California (2019).  Petitioner argues that he was arrested before by Officer Haney in June 2025 in Glendora, which resulted in his car being towed,[4] and was detained a month later in Pomona during a traffic stop, after which his car was towed. According to the police report attached to the SAP, Officer Haney was not one of the three officers who responded to the scene and investigated the July 16, 2025 incident that is the subject of the underlying criminal case.  In brief summary, the alleged victim apparently said she had been struck by Petitioner's car after telling him not to leave the scene and was observed on the ground with visible injuries. Petitioner does not meet the high bar of showing vindictive retaliation.

Accordingly, IT IS ORDERED that Plaintiff show cause in writing, on or before **March 9, 2026**, why the Second Amended Petition for Writ of Habeas Corpus should not be dismissed based on abstention.  Plaintiff is hereby notified that, if he does not file a timely response to this order to show cause, this case is subject to dismissal without prejudice.

DATED:  February 4, 2026

_____
ALICIA G. ROSENBERG
United States Magistrate Judge

---

[4]   It is not clear whether the prior incident referenced by Petitioner is the same prior incident described in the police report, in which Petitioner was suspected of running a red light and hitting two vehicles.  (Dkt. No. 5 at 19-10.)